UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY MORRISON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16-CV-00882 JAR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is pending before the Court on Petitioner's Motion to Correct Sentence under 28 U.S.C. § 2255 based on Johnson v. United States, 135 S. Ct. 2551 (2015). (Doc. No. 1)

On January 26, 2012, Petitioner pled guilty to three counts of a four-count Indictment in case number 4:11-CR-00470. Count I charged Bank Robbery in violation of 18 U.S.C. § 2113(a); Counts III and IV each charged Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g). As to Counts III and IV, the Court found Petitioner to be an Armed Career Criminal based on his prior convictions for burglary second degree. With the ACCA enhancement, Petitioner's guideline range was 188 to 235 months based on a total offense level of 31 and criminal history category of VI. On April 26, 2012, the Court sentenced Petitioner to a term of 235 months on each of Counts I, III and IV, to run concurrently, followed by a three-year term of supervised release on Count I and a five-year term of supervised release on Counts III and IV, to run concurrently.

In his § 2255 motion, Petitioner asserts he is no longer an armed career criminal in light of Johnson. More specifically, Petitioner asserts that his four convictions for second degree burglary are no longer classified as violent felonies under the residual clause pursuant to

1

Johnson. Therefore, he no longer has the three violent felony offenses or serious drug offenses required to be classified as an armed career criminal under 18 U.S.C. § 924(e). Petitioner asserts that because his sentences were based on one combined sentencing guideline under U.S.S.G. § 3D1.4, the Court should vacate his entire sentence and re-sentence him on all counts.

On January 19, 2017, the Court entered an order staying this case pending the Eighth Circuit's resolution of whether a Missouri second-degree burglary conviction qualifies as a "violent felony" as that term is defined in the ACCA after Johnson. On April 5, 2018, the Eighth Circuit issued its decision in United States v. Naylor, No. 16-2047 (8th Cir. Apr. 5, 2018), holding that "convictions for second-degree burglary under Mo. Rev. Stat. § 569.170 (1979) do not qualify as violent felonies under the ACCA." Id., slip op. at 15. In light of Naylor, the Court lifted the stay and ordered the Government to show cause in writing why Petitioner's motion should not be granted and the matter set for resentencing.

The Government responds that pursuant to Naylor, none of Petitioner's prior convictions for second-degree burglary count as predicate offenses under the Armed Career Criminal Act. Therefore, Petitioner does not have the three predicate offenses necessary to support a finding that he is an armed career criminal pursuant to 18 U.S.C. § 924(e). The Government requests the Court grant Petitioner's § 2255 motion, direct the United States Probation Office to issue a revised Presentence Investigation Report, and thereafter resentence Petitioner consistent with Naylor.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Correct Sentence under 28 U.S.C. § 2255 [1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the judgment and sentence in <u>United States v. Larry Morrison</u>, No. 4:11-CR-00470-JAR-1, is **VACATED** subject to resentencing.

**IT IS FURTHER ORDERED** that the United States Probation Office shall promptly prepare and file in Petitioner's criminal case a new Resentence Report, which shall be filed under seal, with access to the Court and the parties who have entered their appearance in this matter. Petitioner is granted a new sentencing hearing, to be set as soon as the new resentencing report is completed. Movant shall remain in custody pending the sentencing hearing.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to docket a copy of this Memorandum and Order in the criminal case, No. 4:11-CR-00470-JAR-1.

A separate Judgment will accompany this Memorandum and Order.

Dated this 14th day of May, 2018.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**